IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEISHA D. LEWIS       :

           :

  v.          :  Civil Action No. DKC 21-2387

           :

UNITED STATES OF AMERICA   :

           :

**MEMORANDUM OPINION**

Pending and ready for resolution in this Federal Tort Claims Act case is the United States' motion to dismiss Plaintiff Kiesha Lewis' complaint.  (ECF No. 9).  The issues have been briefed, and the court now rules, no hearing being necessary.  Local Rule 105.6.  Because the United States has sovereign immunity from Ms. Lewis' FTCA fraud claim, and because this court lacks jurisdiction over any other reasonable construction of Ms. Lewis' suit, the motion to dismiss will be granted.

**I.  Background**

Plaintiff Kiesha Lewis worked at the Internal Revenue Service in 2017.  (ECF No. 1-7, at 2).  In July of that year, Ms. Lewis sent an email to a senior IRS official in which she claimed that her supervisor had engaged in illegal and unethical conduct.  (ECF No. 1-2, at 1).  That official talked to Ms. Lewis' supervisor and decided that the alleged conduct was "appropriate."  (ECF No. 1-7, at 8).

After sending that July 2017 email, Ms. Lewis was subject to several employment actions that she believes are retaliatory. (ECF No. 1-2, at 3).  For example, she claims that her supervisors punished her by lowering her performance rating from "exceeds [expectations]" to "meets [expectations]."  (ECF No. 1-2, at 2).

Later in 2017, Ms. Lewis resigned from the IRS.  (ECF No. 1-7, at 6).  She then filed a complaint with the Office of Special Counsel, alleging that the IRS had violated the Whistleblower Protection Act by retaliating against her for a protected disclosure.  *Lewis v. Dep't of the Treasury*, No. DC-1221-19-0365-W-2, 2020 WL 997127, at *2-3 (M.S.P.B. Feb. 27, 2020).  The Office of Special Counsel found no such violation.  *Id.*  Ms. Lewis appealed that finding to the Merit System Protection Board (MSPB), an independent executive agency tasked with adjudicating federal employment disputes.  *Id.*  The MSPB likewise found that the IRS had not violated the law.  *Id.*

Finally, Ms. Lewis appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit.  In her Federal Circuit brief, she argued that the MSPB wrongly denied her claim in part because it relied on false sworn statements written by three of Ms. Lewis' supervisors—Kevin McCreight, Ramona Henby, and Linda Gilpin.  *See* Corrected Informal Opening Brief, ECF No. 17 at 16-24, *Lewis v. Dep't of Treasury*, 825 Fed.App'x. 875 (No. 2020-1684).  The Federal Circuit affirmed the MSPB's denial, concluding

that "th[e] record did not show any retaliation from the Agency for Ms. Lewis's protected disclosures by clear and convincing evidence." *Lewis v. Dep't of the Treasury*, 825 Fed. App'x 875, 880 (Fed. Cir. 2020).  It also "disagree[d] with Ms. Lewis' assertion that the Agency witnesses provided inconsistent testimony[.]" *Id.* at 879.

After Ms. Lewis' claims failed in the Federal Circuit, she turned to this court.  In 2020, Ms. Lewis sued the United States in the United States District Court for the District of Maryland. *See Lewis v. United States*, Nos. 20-0059, 20-0354, 20-2253, 2021 WL 6339604 (D. Md. Aug. 6, 2021).  She alleged that IRS officials had "made false and slanderous statements that adversely affected her performance reviews" and raised a slander claim under the Federal Tort Claims Act (FTCA), a RICO claim, and a claim under a federal criminal perjury statute.  *Id.* at *1-*2.  Judge Chuang dismissed all three claims.  *Id.* at *3.

Undeterred, Ms. Lewis filed this lawsuit only a few months after her last suit was dismissed.  (ECF No. 1-1).  This time, Ms. Lewis brings a fraud claim under the FTCA.  (ECF No. 1-2, at 1) (calling her claim a "Fraud Lawsuit").  In support of this claim, she raises many of the same allegations that she used to support her Federal Circuit appeal two years ago.  Specifically, she alleges that, during her MSPB proceedings, an IRS attorney "submitted Sworn Statements" that were false.  (ECF No. 1-1, at

6). Ms. Lewis asserts that these false statements "defrauded" her "out of [her] MSPB Claim." (ECF No. 1-1, at 6). Thus, she asks this court to award her the purported value of her MSPB claim: $55,543, which is comprised of a $48,543 salary for a "detail opportunity[,]" a $2000 "performance bonus[,]" and a $5000 "lawyer's fee[.]" (ECF No. 1-3, at 2; ECF No. 1-1, at 5).

The United States moved to dismiss Ms. Lewis' complaint, arguing that (1) it has sovereign immunity from Ms. Lewis' fraud claim, (2) the Civil Service Reform Act ousts this court's jurisdiction, and (3) res judicata bars this suit. (ECF No. 9-1, at 1-8).

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs both a motion to dismiss for lack of subject matter jurisdiction and a motion dismiss on sovereign immunity grounds. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Hammons v. Univ. of Md. Med. Sys. Corp.*, 551 F.Supp.3d 567, 578-79(D. Md. 2021). A court will grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768. In deciding a 12(b)(1) motion, courts "may consider evidence outside the pleadings[.]" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

4

Sovereign immunity is a "jurisdictional bar"—that is, when a government defendant has sovereign immunity from a particular suit, a federal court lacks jurisdiction to allow that suit to proceed. *Cunningham v. Lester*, 990 F.3d 361,365-66 (4th Cir. 2021). While a plaintiff typically must prove subject matter jurisdiction, a defendant asserting sovereign immunity carries the burden to prove that such immunity exists. *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Retirement Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).

Federal courts construe *pro se* pleadings liberally and hold such pleadings to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, a court will read a *pro se* pleading to state a claim if possible from the facts available, but it will not "rewrite" the complaint "to include claims that were never presented." *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999) (quotation omitted).

## III. Analysis

As a threshold matter, Ms. Lewis' complaint is not a model of clarity, and the court must decide how to construe her allegations. Read in the best light possible, there are three potential claims raised by the complaint: (1) a fraud claim under the FTCA, (2) a collateral challenge to the MSPB's decision to deny her employment claim, and (3) a new claim related to her IRS employment. Under any of these constructions, the motion to dismiss must be granted.

**A.    Sovereign immunity bars Ms. Lewis' FTCA fraud claim**

The United States argues that Ms. Lewis' complaint should be dismissed because "[t]he United States cannot be sued for fraud . . . under the FTCA."  (ECF No. 9-1, at 8).  That is correct.

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).  To that end, the statute permits a plaintiff to bring a tort claim against the United States "in accordance with the law of the place where the [alleged tortious] act . . . occurred."  28 U.S.C. § 1346(b)(1).  That said, the FTCA does not remove sovereign immunity for every tort claim brought against the government.  *Levin*, 568 U.S. at 507.  Rather, the statute provides a list of claims to which the immunity waiver "[does] not apply[.]"  28 U.S.C. § 2680.  For these excepted claims, the government's immunity is "preserve[d]."  *Levin*, 568 U.S. at 507.  Among those exceptions is § 2680(h), which preserves the government's immunity from "[a]ny claim arising out of . . . misrepresentation [or] deceit[.]"

Here, Ms. Lewis purports to bring a fraud claim.  (ECF No. 1-2, at 1) (calling her claim a "Fraud Lawsuit").  While the word "fraud" does not appear in § 2680(h), Maryland courts use the terms "fraud," "deceit," and "intentional misrepresentation" interchangeably to describe the same tort.  *See, e.g., B.N. v.*

6

*K.K.*, 312 Md. 135, 149 (1988); *Ellerin v. Fairfax Sav.*, F.S.B., 337 Md. 216, 229 (1995).  Indeed, the Maryland common law tort based on a defendant's false statements is "variously known as fraud, deceit, or intentional misrepresentation."  *B.N.*, 312 Md. at 149.  Because the FTCA establishes liability "in accordance with" state law, *see* 28 U.S.C. § 1346(b)(1), Ms. Lewis' fraud claim is effectively the same as a claim of deceit or misrepresentation. The FTCA preserves the government's immunity against such claims. *See* § 2680(h).[1]

In similar cases, courts in this district have repeatedly reached the same conclusion.  For instance, citing § 2680(h), this court recently held that "the FTCA does not waive sovereign immunity" from a plaintiff's "constructive fraud" claim.  *See Gilbert v. ATF*, 306 F.Supp.3d 776, 785 (D. Md. 2018).  In another case, this court dismissed an FTCA fraud claim because "[t]he jurisdictional grant provided by the FTCA . . . does not extend to claims arising out of misrepresentation or deceit."  *Huff v. U.S*

---

[1] While the Fourth Circuit has held that § 2680's exceptions "must be construed as a matter of federal . . . law" by "consulting" the Restatement of Torts, *see Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991)(quotation omitted), the Restatement defines misrepresentation no differently than Maryland common law does.  *Compare B.N.*, 312 Md. at 149 (defining the tort "variously known as fraud, deceit, or intentional misrepresentation"), *with* Restatement (Second) of Torts § 525 (defining "fraudulent misrepresentation").  Thus, it makes no difference whether federal or state law is used to define the FTCA's "misrepresentation . . . [or] deceit" exception.  Either way, Ms. Lewis' claim "falls within" that exception.  *See Talbert*, 932 F.2d at 1066.

*Dep't of the Army*, 508 F.Supp.2d 459, 465 (D. Md. 2007).[2]  And even outside this district, "courts have consistently held that fraud claims against the government are not permitted under the FTCA." *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (collecting cases).  Ms. Lewis' fraud claim is no different.

For her part, Ms. Lewis does not dispute that the FTCA preserves the government's immunity from fraud claims.  Instead, she argues that sovereign immunity "does not apply" here because she filed federal paperwork notifying the IRS of her claim before she sued.  (ECF No. 11, at 9).  That argument misunderstands the FTCA.  To be sure, a plaintiff cannot sue under the FTCA before she "present[s] the claim to the appropriate Federal agency" and the agency "denie[s] . . . [the claim] in writing[.]"  28 U.S.C. § 2675(a).  Meeting that prerequisite, however, merely allows a plaintiff to bring a suit that the FTCA otherwise permits.  It does not remove the government's sovereign immunity for claims that the FTCA's immunity waiver "[does] not apply to" in the first place.  *See* § 2680.  Because Ms. Lewis cannot bring a fraud claim under the FTCA to begin with, her compliance with the statute's

_____

[2] *See also Johnson v. Fernandez*, No. 10-01719, 2011 WL 3236057, at *3 n.8 (D. Md. July 26, 2011) ("fraud is not one of the types of torts as to which sovereign immunity is waived" under the FTCA); *United States v. Potomac Navigation, Inc.*, No. 08-717, 2009 WL 10681961, at *8 n.9 (D. Md. April 29, 2009) ("under the FTCA, there is no waiver of sovereign immunity for fraud claims").

notice requirement does not make the United States any less immune to her claim.[3]

**B.   If Ms. Lewis seeks to raise a collateral challenge to the MSPB's denial of her employment claim, this court lacks jurisdiction over such a challenge**

Ms. Lewis' complaint may also be construed as a collateral challenge to the MSPB's denial of her employment claim.  After all, her central allegation seems to be that the MSPB relied on false statements and wrongly denied her request for relief.  (ECF No. 1-1, at 6).  She thus asks this court effectively to reverse the MSPB's denial by awarding her $55,543—the relief the MSPB apparently refused to give her.  (ECF No. 1-3, at 2).

This court, however, lacks jurisdiction to entertain a collateral attack on an MSPB decision.  Indeed, "when Congress has chosen to provide [a] circuit court[] with exclusive jurisdiction over appeals from agency decisions," a federal district court is "without jurisdiction" to entertain a challenge to those decisions, even when the challenge is brought "under the guise of a common law [or statutory] claim[.]"  *Palumbo v. Waste Technologies Industries*, 989 F.2d 156, 161 (4th Cir. 1993).  For

---

[3] In a statement attached to her complaint, Ms. Lewis also alleges that her IRS supervisors made "slanderous statements" about her.  (ECF No. 1-2, at 1).  If she intends to raise a slander claim, that too is barred by sovereign immunity because § 2680(h) preserves the government's immunity from "[a]ny claim arising out of . . . libel [or] slander."  Besides fraud and slander, Ms. Lewis fails to identify any other claim she may be raising under the FTCA.  The court likewise cannot identify any other tort under Maryland law that Ms. Lewis' allegations could plausibly support.

example, if a federal statute vests a circuit court with exclusive jurisdiction over appeals of an agency's decision to grant a permit, a district court lacks jurisdiction over a common law nuisance claim through which a plaintiff asks the court to find the permit invalid. *Id.* Such a claim is nothing more than an attempt to "evade" the circuit court's "exclusive jurisdiction" by "by slapping a nuisance label" on a claim that "is at root a collateral attack" on an agency decision. *Id.* at 160-61.

To the extent Ms. Lewis seeks to use this suit to attack the MSPB's denial of her claim, this court lacks jurisdiction over that effort. By statute, the Federal Circuit has "exclusive jurisdiction" over all challenges to MSPB decisions. 28 U.S.C. § 1295(a)(9). Thus, because "Congress has chosen to provide [a] circuit court[] with exclusive jurisdiction" over MSPB appeals, this court lacks jurisdiction to hear challenges to MSPB decisions brought "under the guise" of a common law or statutory claim. *Palumbo*, 989 F.2d at 161. In other words, Ms. Lewis cannot "evade" the Federal Circuit's exclusive jurisdiction by "slapping a [fraud] label" on a claim that is effectively a challenge to an MSPB decision and asking this court to grant the relief the MSPB denied. *See id.*

Yet, that appears to be exactly what Ms. Lewis is trying to do. Indeed, two years ago, she appealed the MSPB's denial to the Federal Circuit, raised many of the same arguments she raises here,

and lost.  Much of her complaint here seems to be lifted verbatim from her Federal Circuit brief.  *Compare* (ECF No. 1-2), *with* Corrected Informal Opening Brief, ECF No. 17 at 16-24, *Lewis v. Dep't of Treasury*, 825 Fed.App'x. 875 (No. 2020-1684).  There, as here, she alleged that her supervisors "provided differing [interrogatory] responses . . . that contradict the provided Sworn Statements."  *Id.* at 18.  There, as here, she complained that these interrogatory responses made "NO mention of Mr. McCreight's inability to finalize ratings or Ms. Gilpin's role in the process[.]"  *Id.* at 20.  There, as here, she argued that the MSPB relied on sworn statements that were "false[.]"  *Id.* at 21.  The Federal Circuit rejected those arguments.  It "disagree[d] with Ms. Lewis's assertion that the Agency witnesses provided inconsistent testimony" and found that "[t]he record is . . . consistent regarding each supervisor's role."  *Lewis v. Dep't of Treasury*, 825 Fed.App'x 875, 879 (Fed. Cir. 2020).

Unhappy with the Federal Circuit's unwillingness to reverse the MSPB, Ms. Lewis has rebranded her agency appeal as a "Fraud Lawsuit[,]" *see* (ECF No. 1-2), and is now asking this court to provide the relief that the Federal Circuit and the MSPB would not.  This court lacks jurisdiction to consider that collateral attack.

    **C.   If Ms. Lewis seeks to raise a new claim related to her IRS employment, the Civil Service Reform Act ousts this court's jurisdiction over such a claim**

Finally, Ms. Lewis' complaint could be construed as an attempt to raise a new claim related to her employment with the IRS.  That construction finds support in the relief Ms. Lewis seeks, which includes lost salary and bonus payments.  (ECF No. 1-3, at 2).

This court, however, lacks jurisdiction over such an employment claim.  That is because the Civil Service Reform Act (CSRA) "established a comprehensive system for reviewing personnel action taken against federal employees[,]" and vested exclusive jurisdiction over such disputes in the MSPB and the Federal Circuit.  *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5, 6 (2012) (quotation omitted).  Indeed, "backpay" is "precisely the kind[] of relief that the CSRA empowers the MSPB and the Federal Circuit to provide."  *Id.* at 22.  If Ms. Lewis seeks to raise a new employment claim, that claim must proceed in those forums, not this one.

## IV.  Conclusion

Because the FTCA preserves the United States' sovereign immunity from Ms. Lewis' fraud claim, and because this court lacks jurisdiction over any other reasonable construction of Ms. Lewis' suit, the motion to dismiss will be granted.

                                            /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge